## RICHARD N. JONES vs. ISAAC R. SNOW.

Submitted on briefs Dec. 18, 1893. Affirmed Jan. 15, 1894.

No. 8488.

**Advertising by unusual exhibitions in the street causing a runaway and damage.**

Where a person with a wagon loaded with bicycles, covered with several flags flying and waving from one side to the other, and thereby making such a display, while drawing such wagon as an advertising medium through the principal streets of a populous city, as to frighten a horse of ordinary gentleness, and cause it to run away in such street, whereby the property of another is injured and damaged, the finding of the jury upon the question of the negligence of such person drawing such wagon will not be disturbed.

Appeal by defendant, Isaac R. Snow, from a judgment of the Municipal Court of the City of Minneapolis, *C. B. Elliott*, J., entered against him June 29, 1893, for $84.20 and costs.

*Wm. B. McIntyre*, for appellant.

The Court erred in receiving evidence as to the cost of the buggy. The proper measure of damages is the difference in the value of the buggy before and after the accident. *Gumb* v. *Twenty Third Street Ry. Co.*, 114 N. Y. 411.

A wagon, such as the evidence here discloses, is not a nuisance per se, nor is it negligence to have it upon the street. No other act of negligence is proven. *Howard* v. *Union Freight Co.*, 156 Mass. 159; *Gilbert* v. *Flint & P. M. Ry. Co.*, 51 Mich. 488; *Cleveland, C. C. & I. Ry. Co.* v. *Wynant*, 114 Ind. 525.

*M. D. Purdy*, for respondent.

The sending upon the public highway of a vehicle of such a character and appearance as the one in question for the sole and exclusive purpose of advertising the goods and wares of the defendant, without any further necessity therefor, was a question of negligence and proper to be submitted to the jury. *Atkinson* v. *Illinois Milk Co.*, 44 Mo. App. 153; *Ayer* v. *City of Norwich*, 39 Conn. 376; *Young* v.

*City of New Haven,* 39 Conn. 435; *Keeley* v. *Shanley,* 140 Pa. St. 213; *Duvall* v. *Baltimore & O. R. Co.,* 73 Md. 516; *Paine* v. *City of Rochester,* 59 Hun. 627; *City of Alleghany* v. *Zimmerman,* 95 Pa. St. 287; *Cole* v. *Fisher,* 11 Mass. 136.

BUCK, J. The plaintiff secured a verdict against the defendant in the municipal court of the city of Minneapolis for the sum of $80 damages, by reason of his horse and buggy having been injured through the negligence of defendant in drawing an advertising wagon through one of the principal streets of said city, said wagon being so loaded with bicycles and covered with various flags flying and waving from one side to the other, and making such a display, that they frightened an ordinarily gentle horse of one Mrs. Griswold, then being driven in said street by her, causing her horse to run away, and against the plaintiff's buggy, upsetting, breaking, and demolishing it, and thereby frightening plaintiff's horse, whereby it also ran away, and whereby it was badly injured and damaged. Plaintiff, in his complaint, claims damages in the sum of $130.

It appears from the evidence that the defendant was using his wagon as a medium for advertising his business of selling bicycles, and to this end the wagon had upon it several nickel-plated bicycles, with flags also upon the wagon, flying from one side to the other. The evidence clearly shows that the wagon was so arranged and decorated as to readily frighten horses of ordinary gentleness, and that the display was not such as was really necessary for carrying on defendant's business, except in the way of advertising it. There did not appear to be any carelessness or negligence on the part of the plaintiff or Mrs. Griswold, and they were lawfully in the street. The defendant, in giving his testimony on the trial, stated that he did not know that it was imperative to decorate his wagon in the manner proven to deliver bicycles sold, but that he carried flags, and so decorated his wagon, to let people know that his people were true Americans. However admirable such an unusual display of loyalty and patriotism might be if exhibited on a Fourth of July, it is of rather questionable practice to let it ooze out and bubble over on other days, in a great thoroughfare of a populous city, to the extent proven in this case, endangering not only the property of other citizens, but putting their lives in peril.

On the trial the plaintiff asked a witness, who was a carriage sales-man, this question: "For how much did you sell it to Mr. Jones last April?" referring to the buggy in question. The defendant objected to the question as incompetent, irrelevant, and immaterial. The court overruled the objection, and defendant excepted, and the wit-ness answered, "$45." This was an improper question, and should have been excluded by the court, but the whole record plainly shows that the defendant could not have been injured by the answer. The plaintiff had already testified that it was a $45 buggy, without ob-jection, and the undisputed evidence shows that the buggy was in-jured to the amount of $25. The defendant gave no evidence as to the damage to the buggy. The damage to the horse was clearly shown to be at least $65. This would make the total damage $90, substantially upon undisputed evidence, while the verdict was only $80. Therefore, while the above ruling of the court was wrong, it was error without prejudice.

We deem the evidence sufficient to sustain the verdict, and there is no reversible error of law appearing in the record. The judgment is therefore affirmed.

(Opinion published 57 N. W. Rep. 478.)